IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**CHRISTOPHER VALENDENO WHITE**,<br><br>Defendant. | Case No. 3:14-cr-216-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

      Before the Court is Defendant Christopher V. White's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mr. White filed this motion for compassionate release on January 7, 2021 (ECF 102). He asks the Court to reduce his sentence to time served. As amended by the First Step Act, the compassionate release statute allows courts to reduce a sentence for "extraordinary and compelling" reasons. Mr. White proposes that, if released, he would live with a family friend in Portland, Oregon. The friend lives alone in a home with two bedrooms and a downstairs den with a full bath. According to Mr. White's counsel, there are no guns, drugs, or dangerous animals in the friend's home. If the motion were to be approved by the Court, the U.S. Probation Office would need to approve Mr. White's proposed release plan.

PAGE 1 – OPINION AND ORDER

Mr. White pleaded guilty to one count of transportation of a minor for prostitution, in violation of 18 U.S.C. § 2423(a). On April 5, 2016, the Court sentenced Mr. White to a term of imprisonment of 120 months, which is the mandatory minimum sentence for this offense. The Court also ordered that Mr. White's period of imprisonment be followed by ten years of supervised release. The Bureau of Prisons (BOP) has scheduled Mr. White's release date for January 26, 2023. Mr. White entered federal custody on this offense on June 6, 2014. Thus, including credit for good conduct while incarcerated, Mr. White has completed approximately 75 percent of his sentence.

Mr. White, age 34, is African-American. He suffers from Type 2 diabetes mellitus and has a long history as a tobacco and marijuana smoker. These are all conditions that the Centers for Disease Control (CDC) cautions increase the risk of severe illness or death from COVID-19. Black Americans suffer disproportionately worse effects and greater mortality rates than their white counterparts, and worse outcomes are also seen when Black Americans have comorbidities associated with severe illness from the disease.

Mr. White currently is incarcerated at the Federal Correctional Institution at Sheridan, Oregon (FCI Sheridan). As of February 28, 2021, the BOP reports 0 inmates and 5 staff currently testing positive for COVID-19 and 60 inmates and 12 staff having recovered from COVID-19. *See* https://www.bop.gov/coronavirus/ (lasted visited February 28, 2021).

The Federal Defender submitted a request for compassionate release on Mr. White's behalf to the warden at FCI Sheridan on June 12, 2020. More than thirty days have passed without a response from the BOP. The Government agrees that Mr. White has exhausted his administrative remedies but opposes Mr. White's motion on the merits. For the following reasons, the Court denies Mr. White's motion to reduce sentence.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Congress, however, has authorized a district court to modify a defendant's sentence in three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that later has been lowered by the United States Sentencing Commission (USSC). 18 U.S.C. § 3582(c)(1). The motion before the Court seeks compassionate release.

Before 2018, § 3582(c)(1)(A) required that a motion for compassionate release be brought only by the BOP. The First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), amended § 3582 to authorize courts to grant a motion for compassionate release filed by a defendant. A defendant, however, may only bring a motion for compassionate release after: (1) petitioning the BOP to make such a motion on the defendant's behalf; and (2) either (a) the defendant has exhausted all administrative appeals after the BOP denied the defendant's petition or (b) thirty days has elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).[1]

Compassionate release under § 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] The United States Courts of Appeal for the Fifth and Sixth Circuits have held that a defendant's failure to satisfy this administrative exhaustion requirement does not deprive a court of subject-matter jurisdiction; instead, this is a mandatory claim-processing rule that binds a court when properly asserted by the Government and not forfeited. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020) (agreeing with *Alam*). The Ninth Circuit has not yet addressed this issue.

The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The USSC policy statement for reducing a term of imprisonment under § 3582(c)(1)(A) is found in the United States Sentencing Guidelines Manual (USSG) at § 1B1.13. That policy statement explains the phrase "extraordinary and compelling reasons." USSG § 1B1.13(1)(A) and cmt. 1. Four out-of-circuit federal appellate courts, however, have held that § 1B1.13 does not apply to a motion filed by a defendant.[2]

Section 3582(c)(1)(A) also directs a district court to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The factors under § 3553(a) include: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). Thus, in resolving a motion for early release from incarceration brought under § 3582(c)(1)(A)(i), a district court must be sensitive to the factors in § 3553(a), including the protection of the public.

Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020)

---

[2] In *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020), the Second Circuit held that USSG § 1B1.13 is not applicable, and therefore not binding, as to motions filed by a defendant because that section has not been updated since the First Step Act expanded the compassionate release statute to permit defense-filed motions. The Second Circuit explained that the policy statement "is clearly outdated" because it still requires a "motion of the Director of the Bureau of Prisons." *Brooker*, 976 F.3d at 235. The Fourth, Sixth, and the Seventh Circuits agree with the Second Circuit on this point. *See United States v. McCoy*, 981 F.3d 271, 281-82 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020). The Ninth Circuit has not yet addressed this issue.

("[A] compassionate release . . . is an extraordinary and rare event.") (citation omitted). A defendant bears the burden to show special circumstances meeting the high bar set by Congress for compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). As other district courts have noted: "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020) (rejecting a claim for compassionate release from a defendant suffering from severe back injuries and epilepsy) (brackets in original) (quoting *United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019)). A court also must consider the sentencing factors under § 3553(a), to the extent they are applicable. *See* § 3582(c)(1)(A).

       The Court agrees with Mr. White that he faces an increased risk of severe illness or death from COVID-19. The Court, however, also notes that BOP reports that FCI Sheridan, where Mr. White is incarcerated, currently has no inmates testing positive for COVID-19. Before granting compassionate release, however, a district court must consider all pertinent circumstances, including the sentencing factors described in § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

       Mr. White exploited a 17-year-old girl, whom he directed to engage in prostitution for his financial benefit. Mr. White posted prostitution advertisements of the minor victim on Backpage.com, traveled with her to multiple cities in Oregon and California to have her engage

in commercial sex, and typically waited outside a hotel room while she had sex with strangers in that room. Mr. White lived off the money that the minor victim made as a prostitute. In addition, Mr. White, who was ten years older than his minor victim, had a sexual relationship with that minor and beat her on at least two occasions.

Counsel for Mr. White argues that his offense did not involve violence or threats of violence. To the contrary, the Court was informed at sentencing that while Mr. White was conducting his sex trafficking offense, he exerted physical control over his minor victim and assaulted her to "keep her in line." On one occasion, Mr. White assaulted the minor victim in a Bend motel room by punching her. A struggle ensued that left blood on the walls, floor, bedding and the minor victim's clothing. Mr. White also told his minor victim that he was going to shut down her Facebook account and change her numbers so that she could not communicate with her family anymore. When the minor victim expressed an interest in wanting to continue her education, Mr. White, with hostility, told her that he would decide what she would do in her future. He then directed her to register for community college just long enough to get a financial aid check that they could use to relocate to Las Vegas and then she would drop out.

The Government acknowledges Mr. White's good behavior during his term of incarceration and commends him for his efforts at rehabilitation. Nevertheless, the Government argues that the Court should not ignore the violent nature of Mr. White's crime. *See United States v. Justis*, 2020 WL 4365596, at *4 (E.D. Pa. July 29, 2020) (stating that "Child sex crimes are among the most egregious and despicable of societal and criminal offenses"); *United States v. Francisco*, 2020 WL 3507958, at *2-3 (S.D.N.Y. June 29, 2020) (noting that the defendant "exposed another human being to sustained abuse and degradation"). The Court concludes that Mr. White has not met the high bar set by Congress for compassionate release.

## CONCLUSION

The Court has considered all relevant factors for compassionate release and denies Mr. White's Motion to Reduce Sentence (ECF 102).

**IT IS SO ORDERED.**

DATED this 1st day of March, 2021.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge