IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **CHRISTOPHER VALENDENO WHITE**, <br><br> Defendant. | Case No. 3:14-cr-00216 <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Defendant Christopher Valendeno White has filed an Emergency Renewed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 114. Mr. White asks the Court to reduce his sentence to time served. This is Mr. White's second motion for compassionate release. On March 1, 2021, the Court denied Mr. White's previous motion. ECF 113.

According to the Bureau of Prisons (BOP), Mr. White's projected release date is March 8, 2023. Although Mr. White has satisfied the exhaustion requirement under the statute, the Government opposes Mr. White's motion on the merits. Because Mr. White has not demonstrated extraordinary and compelling reasons for his release and a reduction in his 120-month sentence of imprisonment would undermine the sentencing factors identified by Congress in 28 U.S.C. § 3553(a), the Court denies Mr. White's motion.

PAGE 1 – ORDER

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons (BOP), acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statements identify categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy

PAGE 2 – ORDER

statements, however, only apply to motions under § 3582(c)(1)(A) filed by the BOP Director on behalf of a defendant. *See Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id*. (citation omitted). As a result, a district court may consider any extraordinary and compelling reason for release that a defendant raises. *Id*. As discussed below, the risk of contracting COVID-19 in federal prison generally does not constitute an extraordinary and compelling reason to reduce a defendant's sentence, although a district court must still consider a defendant's specific medical and physical conditions.

Mr. White understandably is concerned about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces. Mr. White is 34 years old. He has twice declined to be vaccinated against COVID-19, ECF 117 at 1, although he now states that he "intends to request a vaccine." ECF 114 at 4. Mr. White has Type II diabetes mellitus, a significant history of smoking, and excessive weight. These conditions, especially Type II diabetes, elevate a person's risk of becoming seriously ill from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 20, 2021) (last visited Aug. 26, 2021).

Mr. White is currently serving his sentence at the Federal Correctional Institution at Sheridan, Oregon (FCI Sheridan). As of August 27, 2021, FCI Sheridan has 14 inmates and one staff member currently testing positive for COVID-19 and 103 inmates and 18 staff members having previously recovered from COVID-19; two inmates at FCI Sheridan have died from COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Aug. 27, 2021). The Ninth Circuit, however, has made clear that pre-existing medical conditions that add an increased risk of complications from COVID-19 do not necessarily present "extraordinary and compelling"

PAGE 3 – ORDER

circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19. *See United States v. Higgins*, 849 F. App'x 215 (9th Cir. 2021); *United States v. Dixon*, 848 F. App'x 332 (9th Cir. 2021); *United States v. Alvarado*, 841 F. App'x 31 (9th Cir. 2021); *United States v. Wheeler*, 837 F. App'x 542 (9th Cir. 2021); *United States v. Gipson*, 829 F. App'x 780 (9th Cir. 2020); and *United States v. Mortensen*, 822 F. App'x 634 (9th Cir. 2020).

In addition, Mr. White's release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. On April 6, 2016, the Court sentenced Mr. White to serve a 120-month sentence of imprisonment for transportation of a minor for prostitution. ECF 85. The sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to future criminal conduct, and protect the public.

Because compassionate release is not warranted in this case, the Court DENIES Defendant's Emergency Renewed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 114.

**IT IS SO ORDERED.**

DATED this 27th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER